**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Robert Bruemmer, Florence Bruemmer, Sr., Lillian Bruemmer, and Florence Bruemmer, Jr.<br><br>          Plaintiffs,<br><br>vs.<br><br>Hartford Accident and Indemnity Company, a foreign corporation,<br><br>          Defendant. | No. CV 06-2513-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Remand (Doc. # 7). Defendant filed a response (Doc. # 9) and Plaintiffs filed a reply (Doc. # 10). The Court now rules on the motion.

**I.   Background**

On April 1, 2001, Plaintiffs were traveling in a vehicle on westbound Interstate 10 between Phoenix and Tucson. An uninsured truck traveling eastbound dropped a part of its load of carpet remnants. Another driver following the eastbound truck overcorrected and lost control, causing his vehicle to cross the median and into the path of Plaintiffs' westbound vehicle. As a result of the subsequent collision, Plaintiffs claim they suffered severe and permanent injuries. At the time of the accident, Plaintiffs' vehicle was insured by Defendant, which policy of insurance included medical payments coverage and uninsured and underinsured motorists coverage.

After the accident, Plaintiffs allege they demanded the policy limits for each insured

1 under the medical payments coverage. Plaintiffs also allege they requested from Defendant
2 advance payments under the uninsured and underinsured motorists coverage to pay other
3 medical bills, as well as an additional sum to cover all claims under the uninsured and
4 underinsured motorist coverage. However, despite demands by Plaintiffs and settlement
5 offers by Defendant, the parties were unable to successfully resolve their dispute concerning
6 the sums owed under the policy. After an unsuccessful mediation, the parties arbitrated their
7 coverage dispute in August 2004. The arbitrators awarded a total of $292,000 to Plaintiffs.

On July 24, 2006, after the arbitration, Plaintiffs filed a Complaint in Maricopa County Superior Court. In the Complaint, Plaintiffs allege that Defendant breached its duty of good faith and fair dealing with reckless disregard in failing to adequately investigate the claim, evaluate the claim and offer a proper and fair amount for Plaintiffs' uninsured and underinsured motorist claims. Plaintiffs seek compensatory damages, special damages, punitive damages, and reasonable attorneys' fees and costs. On October 19, 2006, Defendant removed this action to federal court, alleging that the Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Legal Standards

Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Courts strictly construe the removal statute against removal jurisdiction. *See*

1  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980
2  F.2d 564, 566 (9th Cir. 1992); *see also Mesa Indus., Inc. v. Eaglebrook Prods., Inc.*, 980
3  F. Supp. 323, 324 (D. Ariz. 1997). There is a "strong presumption" against removal, and
4  "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the
5  first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d
6  1062, 1064 (9th Cir. 1979); *see Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996)
7  (quoting *Gaus*); *Mesa Indus.*, 980 F. Supp. at 324. "The 'strong presumption' against removal
8  jurisdiction means that the defendant always has the burden of establishing that removal is
9  proper." *Gaus*, 980 F.2d at 566; *see Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261,
10 1265 (9th Cir. 1999) ("The burden of establishing federal jurisdiction is on the party seeking
11 removal, and the removal statute is strictly construed against removal jurisdiction.") (citing
12 *Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)); *Duncan*, 76 F.3d at
13 1485 (stating that "defendant[] has the burden of establishing that removal was proper"); *Lew*
14 *v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) ("[T]he party asserting diversity jurisdiction bears
15 the burden of proof."); *see also Mesa Indus.*, 980 F. Supp. at 324. "If at any time before final
16 judgment it appears that the district court lacks subject matter jurisdiction, the case shall be
17 remanded." 28 U.S.C. § 1447(c).
18      "In a removed case, . . . the plaintiff chose a state rather than federal forum. Because
19 the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff
20 has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v.*
21 *State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury*
22 *Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). "Where the complaint does not
23 demand a dollar amount, the removing defendant bears the burden of proving by a
24 preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* at 376
25 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see Gibson v.*
26 *Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001), *cert. denied*, 534 U.S. 1104 (2002) (citing
27 *Singer* and *Sanchez*); *see also Gaus*, 980 F.2d at 566-67 ("If it is *unclear* what amount of
28

damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support . . . the jurisdictional amount.") (emphasis in original).  "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]."  *Sanchez*, 102 F.3d at 404.  "[R]emoval 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to the dollar amount of damages the plaintiff seeks.  *Singer*, 116 F.3d at 377 (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

**III. Discussion**

    **A.  Motion to Remand**

In the motion to remand, Plaintiffs argue that Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy is sufficient to confer jurisdiction and that Defendant has failed to satisfy its burden of proof.  The Court agrees.

Because Plaintiffs do not demand a dollar amount in their Complaint, it is Defendant's burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Singer*, 116 F.3d at 376.  This requires that Defendant submit evidence to show it is more likely than not that the amount in controversy exceeds $75,000.  *Sanchez*, 102 F.3d at 404.  As for the type of evidence Defendant may rely upon, the Ninth Circuit has "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted).  Defendants cannot rely simply upon conclusory allegations.  *Singer*, 116 F.3d at 377.

A review of Defendant's removal petition, and opposition to the motion to remand, indicates that Defendant's allegations concerning the amount in controversy are conclusory in nature and do not show it is more likely than not that the amount in controversy exceeds $75,000.  For example, in the Notice of Removal (Doc. # 1), Defendant merely states that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

In the Response to Plaintiff's Motion to Remand Case to State Court (Doc. # 9), Defendant simply asserts that Plaintiff is seeking compensatory damages, special damages, punitive damages and attorney fees, and that Plaintiff certified that the largest award sought exceeds the threshold limit for compulsory arbitration in Maricopa County, which currently is $50,000. While this is some evidence of an amount in controversy, it certainly does not rise to the level of evidence necessary to support the exercise of jurisdiction.[1]

Further, while attorneys' fees recoverable under law may be included in computing the amount in controversy, *see Galt G/S v. JSS Scandinavian*, 142 F.3d 1150, 1156 (9th Cir. 1998), this alone does little to assist Defendant in establishing the requisite amount in controversy by a preponderance of the evidence. Under Arizona law, attorneys' fees incurred in obtaining benefits under an insurance contract are recoverable in a bad faith action, but the "recoverable fees include only those incurred to obtain the contract benefits and not fees incurred in seeking tort damages." *Burk v. Medical Savings Ins. Co.*, 348 F.Supp.2d 1063, 1068 (D.Ariz. 2004) (citing *Schwartz v. Farmers Ins. Co. of Ariz.*, 800 P.2d 20, 22-23 (Ariz. Ct. App. 1990). Here, Defendant estimates that Plaintiffs' attorneys' fees will be between $25,000 and $35,000. However, it is not clear to the Court whether any attorneys' fees will be recoverable under *Schwartz* considering that the arbitration already adjudicated the benefits due under the insurance contract. In addition, as in *Burk*, Defendant's fee estimation is "highly speculative" as it is nothing more than a conclusory allegation unsupported by any evidence.

Similarly, punitive damages recoverable under law may be included in computing the

---

[1] Defendant cites *Singer*, 116 F.3d at 376-77, in support of its contention that Plaintiff's certification that the largest award sought exceeds $50,000.00 is a judicial admission. While this may be an accurate statement of the law, it does not warrant a finding that it is more likely than not that the amount in controversy exceeds $75,000.00. *See Valdez*, 372 F.3d at 1116-18 (finding that a claim for general damages in excess of $50,000.00, plus an unspecified amount of actual and punitive damages and attorneys' fees, was alone insufficient for the court to conclude that the amount in controversy requirement was satisfied).

1  amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Under
2  Arizona law, punitive damages may be awarded in bad faith insurance cases. *Filasky v.*
3  *Preferred Risk Mut. Ins. Co.*, 734 P.2d 76, 83 (Ariz. 1987). "However, the mere possibility
4  of a punitive damages award is insufficient to prove that the amount in controversy
5  requirement has been met." *Burk*, 348 F.Supp.2d at 1069 (citing *Surber v. Reliance Nat.*
6  *Indem. Co.*, 110 F.Supp.2d 1227, 1232 (N.D.Cal. 2000). To show that the claim for punitive
7  damages establishes that it is more likely than not that the amount in controversy exceeds
8  $75,000.00, Defendant must present appropriate evidence. *Id*. (citing *McCaa v. Mass. Mut.*
9  *Life Ins. Co.*, 330 F.Supp.2d 1143, 1149 (D.Nev. 2004)). Such evidence may include jury
10  verdicts in analogous cases. *Id*. (citing *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033
11  (N.D.Cal. 2002); *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 578 (D.Ariz. 2003)).
12  Here, Defendant cites no analogous case law to show the likelihood of punitive damages or
13  the potential amount of any punitive damages award. As in *Burk*, Defendant has only
14  established that Plaintiffs are seeking punitive damages and that punitive damages are
15  available as a matter of law. As the *Burk* court stated, "[t]his is insufficient to establish by
16  a preponderance of the evidence that a potential punitive damage award will increase the
17  amount in controversy above $75,000." *Id*. (citations omitted).

18  While the Court is not unsympathetic to the plight of a defendant burdened with
19  proving, at such an early stage in the litigation, that the amount in controversy more likely
20  than not exceeds $75,000, the fact remains that Defendant herein has submitted no evidence
21  to satisfy such burden of proof. Accordingly, in light of the strong presumption against
22  removal jurisdiction, the Court concludes that it lacks subject matter jurisdiction over this
23  action.

24  **B.  Request for Stipulation**

25  In the alternative, and in the event the Court remands this case to state court,
26  Defendant requests that Plaintiffs stipulate to the fact that their damages do not exceed
27  $75,000.00. The burden is on Defendant to prove the amount in controversy. Accordingly,

Plaintiffs are not required to stipulate to a limitation of their damages. *Burk*, 348 F.Supp.2d at 1070 (citing *Dobson v. United Airlines, Inc.*, 2002 WL 31689365 (N.D.Cal. 2002).

**C.  Plaintiff's Request for Attorneys' Fees**

Finally, Plaintiffs argue that an award of attorneys' fees is warranted because Defendant lacked an objectively reasonable basis to remove the case.  "Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 711 (2005).  While the Court has found that Defendant ultimately failed to meet its burden of proof, the Court does not find that Defendant lacked an objectively reasonable basis for seeking the removal.  Accordingly, Plaintiffs' request for attorneys' fees is denied.

For the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion to Remand (Doc. # 7) is GRANTED in part and DENIED in part consistent with this Order;

IT IS FURTHER ORDERED that this case shall be remanded to the Maricopa County Superior Court.

DATED this 5th day of April, 2007.

_____
James A. Teilborg
United States District Judge

- 7 -